IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ISAAC PARDO, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MECUM AUCTIONS, INC., et al., | : | |
| Defendants | : | NO. 11-5590 |

**M E M O R A N D U M**

GENE E.K. PRATTER, J.                                                                                          SEPTEMBER 17, 2012

To paraphrase the French writer and critic Roland Barthes in his *Mythologies*, "La Nouvelle Citroen," some 1960's era cars "are almost the exact equivalent of the great Gothic cathedrals," the "supreme creation of an era, conceived with passion . . . and consumed in image if not in usage by a whole population which appropriates them as a purely magical object." Such may be considered the Corvettes of the 1960's, though for Plaintiff Isaac Pardo some Corvettes are more magical than others.

Mr. Pardo filed suit against Mecum Auctions, Inc. ("Mecum"), National Corvette Restorers Society, Inc. ("NCRS"), and William and Jan Mullis, alleging that he purchased a 1964 Corvette at an auction in St. Charles, Illinois due to the misrepresentations of the defendants. In response, NCRS filed a Motion to Dismiss for Improper Venue and an alternative Motion to Transfer Venue to the Northern District of Illinois. Mecum subsequently filed a Motion to Dismiss for Lack of Personal Jurisdiction, Improper Venue, and Failure to State a Claim. For the following reasons, the Court finds that it lacks personal jurisdiction over Mecum and must grant

its motion to dismiss. The Court further finds that venue is improper in the Eastern District of Pennsylvania and will transfer the case to the Northern District of Illinois with respect to the remaining parties.

## I. BACKGROUND

Mr. Pardo alleges that he traveled from his residence in New York to St. Charles, Illinois, where he attended a Corvette auction organized and operated by Mecum. At the auction, Mr. Pardo placed the high bid and bought a car owned by William and Jan Mullis after viewing a certificate issued by NCRS that described the vehicle as a 1967 black Corvette. Mr. Pardo subsequently discovered that the car was actually a 1964 red Corvette. His complaint asserts that the defendants defrauded him and caused him to purchase the wrong vehicle. The complaint does not allege that any party resides in Pennsylvania, that any of the operative events occurred in Pennsylvania, or that any of the parties has a connection to Pennsylvania.

In responding to Mecum's motion, Mr. Pardo alleges that the company formerly held auctions in Pennsylvania and that he attended those auctions from 2004-2006 and thereby "forged a trust" with Mecum. He also alleges that Mecum advertises in Pennsylvania over the Internet and "most likely" by mail, that Mecum has auctioned motorcycles owned by Pennsylvanians, and that Mecum made a donation to the Flight 93 Memorial located in Pennsylvania. Mr. Pardo does not argue that any of these foregoing facts are connected to the events giving rise to his claims. With respect to NCRS, Mr. Pardo claims that the company has made "no statement that [it] does no business in Pennsylvania." By the same token, Mr. Pardo fails to allege any connection between NCRS and Pennsylvania.

**II.     THE MECUM MOTION TO DISMISS**

Mecum has moved to dismiss the complaint for lack of personal jurisdiction, improper venue, and failure to state a claim.  Federal district courts in Pennsylvania may exercise personal jurisdiction to the fullest extent permitted by the Constitution.  *See* 42 Pa. Cons. Stat. § 5322(b); *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007).  However, if a defendant moves to dismiss a complaint for lack of personal jurisdiction, "the plaintiff bears the burden of showing that personal jurisdiction exists." *Id.* at 295-96.  The plaintiff "must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence," and "at no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction.  Once the motion is made, plaintiff must respond with actual proofs, not mere allegations." *Patterson v. FBI*, 893 F.2d 595, 603-04 (3d Cir. 1990) (quoting *Time Share Vacation Club v. Atl. Resorts*, *Ltd*., 735 F.2d 61, 67 n.9 (3d Cir.1984)).

A federal court may exercise either general or specific jurisdiction over a defendant.  *See GE v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001).  General jurisdiction requires the plaintiff to "show that the defendant has maintained 'continuous and systematic' contacts" with the forum state.  *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 151 n.3 (3d Cir. 1995) (citation omitted); *see also Molnlycke Health Care AB v. Dumex Med. Surgical Prods. Ltd.*, 64 F. Supp. 2d 448, 451 (E.D. Pa. 1999) ("The Third Circuit and its district courts have typically required a very high showing before exercising general jurisdiction[.]").

Here, Mr. Pardo appears to allege that Mecum has engaged in one type of continuous activity in Pennsylvania by marketing itself over the Internet.  However, the Court cannot

consider this bare allegation as a basis for exercising personal jurisdiction, because Mr. Pardo has not supported it "through sworn affidavits or other competent evidence." *Patterson*, 893 F.2d at 603-04.  Moreover, a national marketing campaign will not create general jurisdiction in a state encompassed by its advertisements. *See Wellness Publ'g v. Barefoot*, 128 F. App'x 266, 269 (3d Cir. 2005).  Finally, Mr. Pardo has presented no evidence that Mecum has initiated any business contacts in Pennsylvania since 2006, that it derives any revenue from the Commonwealth, that it conducts direct sales here, or that it specifically targets advertising to Pennsylvania's residents. *See Weisz v. Farmers & Merchs. Trust Co.*, No. 11-3050, 2012 U.S. Dist. LEXIS 26258, at *8-9 (E.D. Pa. Feb. 29, 2012) (noting that courts consider these factors in assessing general jurisdiction).  Therefore, the Court cannot exercise general jurisdiction over Mecum.

Specific jurisdiction exists if a defendant "purposefully direct[s] [its] activities" at the forum state and the plaintiff's claims "arise out of or relate to" at least one of those activities. *See Marten*, 499 F.3d at 296.[1]  A plaintiff cannot meet this second requirement by merely claiming "but-for" causation and arguing that the "claim would not have arisen in the absence of the defendant's contacts" with the forum state. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 319 (3d Cir. 2007).  The Third Circuit has held that "specific jurisdiction requires a closer and more direct causal connection than that provided by the but-for test" because such a test "is vastly overinclusive." *Id.* at 322-23.

In this case, Mr. Pardo relies entirely on "but-for" causation in arguing that his claims relate to Mecum's activities in Pennsylvania.  He alleges that he attended Mecum auctions in Pennsylvania from 2004-2006, that he began to trust Mecum at the auctions, and that the trust he

---

[1] If these requirements are met, a court also may consider whether exercising jurisdiction would comport with notions of "fair play and substantial justice." *See id*.

developed contributed to his decision to attend the auction in Illinois five years later. Mr. Pardo provides no other reason regarding why his claims relate to Mecum's Pennsylvania activities. The Third Circuit Court of Appeals has held that plaintiffs cannot rely solely on "but for" causation to meet their burden of demonstrating that specific jurisdiction exists. *Id.* at 322; *see also Rantnetwork, Inc. v. Underwood*, No. 11-1283, 2012 U.S. Dist. LEXIS 40693, at *44-45 (M.D. Pa. Mar. 26, 2012) (applying *Sandy Lane* and refusing to base personal jurisdiction on but-for causation). Therefore, the Court lacks specific jurisdiction over Mecum and must grant its motion.

## III.     THE NCRS MOTION TO DISMISS OR TRANSFER VENUE

Venue in this matter is controlled by 28 U.S.C. § 1391. The application of that statute depends, in turn, on the basis (if any) for this Court's exercise of subject matter jurisdiction. If the subject matter jurisdiction of a court is "founded only on diversity of citizenship," then § 1391(a) applies; otherwise, § 1391(b) applies.[2] Here, Mr. Pardo's complaint only invokes diversity jurisdiction, *id.* § 1332(a). Section 1391(a) is thus the applicable venue provision and that section provides as follows:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal

---

[2] Section 1391 was modified by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758. Those changes, however, apply only to actions commenced on or after January 6, 2012. *See id.* § 205, 125 Stat. at 764; *see also Al's Family Auto. v. Bennett*, No. 11-6237, 2012 WL 246226, at *1 n.2 (E.D. Pa. Jan. 25, 2012). Because this action commenced on September 6, 2011, the prior version of § 1391 remains applicable. Accordingly, citations in this Memorandum refer to the prior version of the law.

jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

The residence of a corporate defendant for venue purposes is further specified in 28 U.S.C. § 1391(c).

Venue is not proper in the Eastern District of Pennsylvania under § 1391(a)(1) because not all defendants reside in Pennsylvania: William and Jan Mullis both allegedly reside in North Carolina.[3] Furthermore, as discussed above, Mecum does not "reside" in Pennsylvania because it was not subject to personal jurisdiction in Pennsylvania at the time this action was commenced. *See* 28 U.S.C. § 1391(c).

Furthermore, venue also is not proper here under § 1391(a)(2), because no event or omission giving rise to Mr. Pardo's claims substantially occurred in the Eastern District of Pennsylvania. Mr. Pardo's only argument to the contrary is that he attended other Mecum-run auctions in Carlisle, Pennsylvania five to seven years ago, and that the trust in Mecum he developed at those auctions led him to attend the 2011 auction in Illinois where he was allegedly defrauded. However, even giving credence to this trust-building exercise, Carlisle is located in Cumberland County and therefore lies outside the Eastern District. *See* 28 U.S.C. § 118. Moreover, the Third Circuit has held that "[e]vents or omissions that might only have some tangential connection with the dispute in litigation are not enough" to meet the substantiality requirement of § 1391(a)(2). *Cottman Transmission Sys. v. Martino*, 36 F.3d 291, 294 (3d Cir.

---

[3] Although the Clerk's Office has entered the default of William and Jan Mullis pursuant to Rule 55(a), Federal Rules of Civil Procedure, Mr. Pardo has not moved for default judgment against them. Both defendants must remain parties to the case until the Court receives and decides such a motion, because Mr. Pardo seeks punitive damages against all defendants, and such damages are not a "sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b).

1994). Mr. Pardo's claim that earlier auctions in Pennsylvania somehow relate to the events in this case qualifies at most as the type of "tangential connection" that the Third Circuit Court of Appeals has rejected.

Finally, venue is not proper under § 1391(a)(3), because there is an alternate judicial district in which this action could have been brought—namely, the Northern District of Illinois. Mr. Pardo's claims plainly stem from an auction that occurred in St. Charles, Illinois, which is, of course, located in the Northern District of Illinois. 28 U.S.C. § 93(a).

Having concluded that venue is not proper here, the Court turns to the question of transfer of venue. In its motion to dismiss or transfer, NCRS alternatively moves for a transfer of venue pursuant to 28 U.S.C. § 1406(a). Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The Court already has concluded that the Northern District of Illinois is a district in which this action could have been brought under 28 U.S.C. § 1391(a)(2). Under the circumstances, transfer of the action to the District Court for the Northern District of Illinois would be in the interest of justice, because the auction at issue occurred there and, moreover, Count II of Mr. Pardo's complaint seeks relief under the Illinois Consumer Fraud and Deceptive Business Practices Act. Accordingly, in the accompanying Order, the Court will transfer this case to the Northern District of Illinois with respect to NCRS and William and Jan Mullis.[4]

---

[4] While the Court might have considered whether it has personal jurisdiction over NCRS, the motion filed by NCRS invoked only Rule 12(b)(3) of the Federal Rules of Civil Procedure, not Rule 12(b)(2).

## IV. CONCLUSION

For the foregoing reasons, the Court finds that it lacks personal jurisdiction over Mecum. The Court also finds that venue is improper in the Eastern District of Pennsylvania with respect to NCRS and William and Jan Mullis and that, in the interest of justice, this case will be transferred to the Northern District of Illinois. Thus, Mecum's Motion to Dismiss is granted, and the NCRS Motion to Dismiss or Transfer Venue is granted in part and denied in part.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE